

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10213 |
| Plaintiff - Appellee, | D.C. No. 4:09-CR-00001-JMR-BPV-1 |
| v. | |
| ROBERTO MARTINEZ-NIETO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
John M. Roll, District Judge, Presiding

Submitted June 11, 2012[**]
San Francisco, California

Before: HUG, RAWLINSON, and IKUTA, Circuit Judges.

Roberto Martinez-Nieto appeals his conviction and 46-month sentence for

illegal reentry in violation of 8 U.S.C. § 1326(a). We have jurisdiction pursuant to

28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Although the magistrate judge did not fully comply with Rule 11 of the Federal Rules of Criminal Procedure, this does not constitute plain error because Martinez fails to show a reasonable probability that, but for the errors, he would not have entered his guilty plea. *See United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).

The district court did not err by applying a sixteen-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) for Martinez's prior conviction of forcible lewd acts upon a child under 14 years old in violation of California Penal Code § 288(b). Because a violation of California Penal Code § 288(a) categorically constitutes "sexual abuse of a minor" and is a "crime of violence" under the Sentencing Guidelines, *United States v. Medina-Villa*, 567 F.3d 507, 516 (9th Cir. 2009), and because California Penal Code § 288(a) "is a lesser or necessarily included offense of [§ 288(b)]," *see People v. Ward*, 233 Cal. Rptr. 477, 485 (Ct. App. 1986), Martinez's conviction under § 288(b), like convictions under § 288(a), categorically constitutes a "crime of violence" for sentencing enhancement purposes.

Martinez's argument that the district court erred when it denied Martinez's request for a downward departure fails because, reviewing only for reasonableness, *see United States v. Mohamed*, 459 F.3d 979, 986–87 (9th Cir. 2006), the record

2

reflects that Martinez's mid-Guidelines sentence was reasonable in light of the totality of the circumstances and the sentencing factors set forth in 18 U.S.C. § 3553(a). *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**